IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DELBERT FOLZ,**<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**UNION PACIFIC RAILROAD COMPANY,**<br><br>　　　　　　　　　Defendant. | Case No. 13-CV-00579-GPC-(PCL)<br><br>**ORDER REGARDING THE PARTIES' DISCOVERY LETTER BRIEFS DATED JANUARY 27, 2014** |

## I. INTRODUCTION

Plaintiff filed his complaint on March 13, 2013, alleging three causes of action, in short: (1) personal injury damages, pursuant to the Federal Employer's Liability Act 45 U.S.C. section 51, et seq.; (2) damages resulting from wrongful discipline, pursuant to 49 U.S.C. section 20109; and (3) wrongful discharge. (Doc. 1.) Defendant answered the complaint on August 16, 2013, raising thirty-nine affirmative defenses. (Doc. 4.)

The parties supplied the Court with letter briefs on the issue of whether Defendant should be compelled to answer special interrogatories one through four, or produce documents prior to Defendant's first deposition of Plaintiff, scheduled for February 4, 2014. Now before the Court is this issue, argued in letter briefs received by the Court on January 27, 2014.

///

## II. DISCUSSION

### A. Contention Interrogatories

On October 24, 2013, Plaintiff Propounded four special interrogatories pursuant to Fed.R.Civ.P. 33. (See Plaintiff's Brief, Exhibit 6.)[1] Defendant objected to interrogatories one, two, and four, primarily because, as contention interrogatories propounded early in discovery, they were "premature"; to wit, "Neither substantial discovery nor testimonial discovery has been completed." (Plaintiff's Brief, Exhibit 7, at 3-5.) In addition, Defendant claims responding to the third interrogatory would, "necessarily require a legal opinion and the disclosure of work product." (Id. at 5.)

At the outset, it is worth noting that no party has an absolute right to have answers to any kind of interrogatory. Fed.R.Civ.P. 33(b). An interrogatory must be

---

1. From Plaintiff's Brief, Exhibit 6, Plaintiff's first interrogatory reads: "Please identify any UNION PACIFIC rule, regulation, safety bulletin, instruction, timetable instruction, order or direction which YOU contend plaintiff failed to follow which supports YOUR contention that plaintiff was contributory[sic] negligent in causing or contributing to the happening of the INCIDENT and, further, state all material facts in support of YOUR contention, the name(s), last known resident ADDRESS and home and cell number of all PERSON(s) who have knowledge of any such facts and describe sufficient for their identification all material DOCUMENTS evidencing and/or constituting any such facts."

Plaintiff's second interrogatory reads: "Describe in detail each of your contentions as to how and why the INCIDENT was caused to occur, giving in chronological order, the details of material event or sequence of events which YOU contend had any bearing on the cause or manner of the happening of the INCIDENT, all material facts in support of YOUR contention, the name(s), last known resident ADDRESS and home and cell number of all PERSON(s) who have knowledge of any such facts and describe sufficient for their identification all material DOCUMENTS evidencing and/or constituting any such facts."

Plaintiff's third interrogatory reads: "If you contend that plaintiff has said anything which constitutes an admission against interest regarding the manner in which the INCIDENT was caused to occur, please state all material facts upon which YOUR contention is based, the date and content of each such statement, the name(s), last known resident ADDRESS and home and cell number of all PERSON(s) who have knowledge of any such facts and describe sufficient for their identification all DOCUMENTS evidencing and/or constituting any such facts."

Plaintiff's fourth interrogatory reads: "If YOU contend plaintiff was contributorily negligent in causing or contributing to the happening of the INCIDENT, please state all material facts in support of YOUR contention, the name, last known resident ADDRESS and telephone number of all PERSONS who have knowledge of any such facts and describe sufficient for their identification all material DOCUMENTS in support of YOUR contention."

1  "otherwise proper," which is determined by considering, *inter alia*, whether it is
2  interposed for any improper purpose, or whether it is "unreasonable or unduly
3  burdensome or expensive, given the needs of the case, the discovery already had in
4  the case, the amount in controversey, and the importance of the issues at stake in
5  the litigation." (See Fed.R.Civ.P. 26(g).)

6  Generally speaking, contention interrogatories ask the receiving party to
7  state the factual bases for its allegations, as Plaintiff's have done here. (See, e.g.,
8  Plaintiff's Brief, Exhibit 6, at 3, "state all material facts in support of your
9  contention.") The purpose of contention interrogatories "is not to obtain facts, but
10 rather to narrow the issues that will be addressed at trial and to enable the
11 propounding party to determine the proof required to rebut the respondent's
12 position." Lexington Ins. Co. v. Commonwealth Ins. Co., C98–3477CRB (JCS),
13 1999 WL 33292943, *7 (N.D.Cal. Sept. 17, 1999). Federal Rule of Civil Procedure
14 33 states that "[a]n interrogatory is not objectionable merely because it asks for an
15 opinion or contention that relates to fact or the application of law to fact, but the
16 court may order that the interrogatory need not be answered until designated
17 discovery is complete, or until a pretrial conference or some other time."
18 Fed.R.Civ.P. 33(a)(2). There is no dispute that, at some time, the party answering
19 contention interrogatories will have to respond fully to these discovery requests.
20 However, many courts have found that, within the framework of Rule 33,
21 contention interrogatories need not be answered until the substantial completion of
22 pretrial discovery. (See, e.g., In re eBay Seller Antitrust Litig., C 07-1882 JF (RS),
23 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008), citing City & County of San
24 Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 222 (N.D.Cal.2003) (determining
25 that plaintiffs need not respond to defendants' broad contention interrogatories at
26 the early stage of litigation) and Fischer & Porter Co. v. Tolson, 143 F.R.D. 93, 96
27 (E.D. Pa. 1992) (denying contention interrogatories where substantial discovery
28 had not been completed).)

Accordingly, courts are reluctant to allow contention interrogatories, especially when the responding party has not yet obtained enough information through discovery to respond. (See, e.g., In re Convergent Technologies Securities Litigation, 108, F.R.D. 328, 338 (1985) ("the propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." accord United States v. Bazaarvoice, Inc., C 13-00133 EMC LB, 2013 WL 1739472 (N.D. Cal. Apr. 22, 2013); but c.f., Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 652 (C.D. Cal. 1997) ("this Court prefers to consider contention interrogatories in the same manner it would consider any interrogatory, placing the burden on the party opposing discovery.")  Courts recognize, however, that contention interrogatories, when served after substantial discovery is complete,  may be appropriate. See, e.g., Tennison v. City & Cnty. of San Francisco, 226 F.R.D. 615, 618 (N. D.Cal.2005) (granting motion to compel responses to contention interrogatories where "discovery is nearly complete, and hence Plaintiff is in a position to provide meaningful answers"); Lexington Ins. Co., *supra* ("courts have also recognized that properly timed contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded") (quotation omitted).

Further, even when contention interrogatories are permitted, they "are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses." Haggarty v. Wells Fargo Bank, N.A., 10–2416 CRB (JSC), 2012 WL 4113341, *2 (N.D.Cal. Sept. 18, 2012) (quoting Mancini v. Insurance Corp. of New York, 2009 WL 1765295 *3 (S.D. Cal. June 18, 2009). In such cases, 'all facts' is generally construed as those facts which are material. See Mancini, 2009 WL 1765295, *supra.*

Here, each of Plaintiff's interrogatories asks for "all material facts upon

1  which [Defendant's] contention is based." (See Plaintiff's Brief, Exhibit 6.)
2  Plaintiff agrees that his interrogatories, "may be understood to refer to 'the
3  principle or material facts' that support the allegation referenced by the
4  interrogatory." (Plaintiff's Brief, at 2.) Therefore, Plaintiff's interrogatories fit
5  within one of the many general forms of contention interrogatories. (See In re
6  Convergent, 108 F.R.D., 332.)

7       Plaintiff argues that Defendant would glean "an unfair litigation advantage"
8  by taking Plaintiff's deposition before answering the contention interrogatories it
9  propounded, and that Defendant has a duty to investigate and respond. (Plaintiff's
10 Brief, at 4.) Further, Plaintiff argues that early disclosure of factual bases will
11 narrow the issues. (Id.) Lastly, Plaintiff argues that Federal Rule of Civil Procedure
12 11 requires that Defendant must have some factual basis for its affirmative defense
13 of contributory negligence at this time. (Id.)

14      Defendant argues that its discovery and investigation are nascent, and there
15 is no pretext in delaying its answer to Plaintiff's contention interrogatories.
16 (Defendant's Brief, at 2.) For example, Defendant states that it has not had the
17 opportunity to take Plaintiff's deposition or medical examination, and therefore it
18 would be "impossible" to state all facts which support its contentions. (Defendant's
19 Brief, at 2.) Further, Defendant correctly points out that, because there are eight
20 more months of discovery in which it may supplement its responses, there is no
21 reason to be "hemmed into a fixed position without adequate information."
22 (Defendant's Brief, at 2, citing Weiss v. Nat'l Westminster Bank, PLC (E.D.N.Y.
23 2007) 242 F.R.D. 33, 64.)

24      This Court agrees with Defendant that Plaintiff's contention interrogatories
25 need not be answered until "substantial discovery" has been completed, given the
26 proposition that Defendant will adequately answer and/or supplement its responses
27 in the future. Because Defendant claimed, and responded accordingly in its
28 answers, that discovery and investigation were currently inadequate and ongoing

1  (see Plaintiff's Brief, Exhibit 7), this Court finds "substantial discovery" currently
2  remains. In light of the remaining eight months to complete discovery, Defendant
3  will have more than adequate time to supplement his answers. (C.f. County of
4  Santa Clara v. Astra USA, Inc., No. 05–cv–3740 WHA (EMC), 2009 WL
5  2868428, at *2 (N.D.Cal. Sept. 3, 2009) (in which the court refused to delay
6  contention interrogatories when less than two months of discovery remained); see
7  also In re NCAA Student-Athlete Name & Likeness Licensing Litig.,
8  09-CV-01967 CW NC, 2012 WL 4111728 (N.D. Cal. Sept. 17, 2012).) At this
9  stage, if Defendant is unable to supply the requested information, "the party may
10  not simply refuse to answer, but must state under oath that he is unable to provide
11  the information and 'set forth the efforts he used to obtain the information.' "
12  (Sevey v. Soliz, No. 10–cv–3677 LHK, 2011 WL 2633826, at *4 (N.D.Cal. July 5,
13  2011) (citations omitted).) Defendant has satisfied that burden. Therefore,
14  Plaintiff's request to compel in regards to special interrogatories one, two, and four
15  is denied.

16  As to Plaintiff's third interrogatory, the Court agrees with Defendant that the
17  statements are privileged by work-product. The party claiming the privilege has the
18  initial burden of "establishing the preliminary facts necessary to support its
19  exercise, i.e., a communication made in the course of an attorney-client
20  relationship." (Costco Wholesale Corp. v. Superior Court (Randall), 47 Cal.4th
21  725, 733 (2009).) Once that is established, "the communication is presumed to
22  have been made in confidence and the opponent of the claim of privilege has the
23  burden of proof to establish the communication was not confidential or that the
24  privilege does not for other reasons apply." (Id.) Here, any identification of
25  Plaintiff's statements against interest are necessarily legal opinions, and therefore
26  privileged. Plaintiff has failed to satisfy its burden of proof establishing that
27  Defendant's privilege does not apply. Therefore, Plaintiffs request to compel
28  answer to its third interrogatory is denied.

**B. Request for Production of Documents**

On December 13, 2013, Defendant responded to Plaintiff's request for production of documents. (Plaintiff's Brief, Exhibit 8.) Defendant objected: to Request No. 10, on the basis of the work-product doctrine; Request No. 12, on the basis of overbreadth, privacy concerns, and relevance; Request No. 13, on the basis of the work-product doctrine and attorney-client privilege; and Request No. 18, because of inability to respond prior to deposition of the Plaintiff, lack of medical records, and lack of adequate discovery. (Id.)

**1. Requests No. 10 and No. 13**

Request No. 10 asks Defendants to produce logs that accompanied photographs, which the Plaintiff asserts identifies the photographs and describes, "in neutral language where the photographs were taken at." (Plaintiff's Brief, at 6.) Defendants argue that the photo log was, "made at the direction of an attorney in preparation for trial." (Defendant's Brief, at 4.) Request No. 13 asks for: "any/all documents which constitute, comprise, refer to and/or evidence photographs... Taken of plaintiff by any of your agents or employees since February 7, 2012." (Plaintiff's Brief, Exhibit 8, at 8.) Essential, these requests are both aimed at the photo log Defendant ostensibly possesses.

Work product is not a privilege, but rather a qualified protection limiting discovery of "documents and tangible things" prepared by a party or his representative in anticipation of litigation or trial. (Admiral Ins. Co. v. United States Dist. Court, 881 F.2d 1486, 1494 (9th Cir.1989).) A party asserting work product privilege must show that the materials withheld are: (1) documents and tangible things; (2) prepared in anticipation of litigation; and (3) the materials were prepared by or for the party or attorney asserting the privilege. (Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D.Cal.2003).) A document is prepared "in anticipation of litigation" if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been

prepared or obtained because of the prospect of litigation." (United States v. Torf, 357 F.3d 900, 907 (9th Cir.2003) (citation omitted) (emphasis added).)

Even if a document is work product, Fed.R.Civ.P. 26(b)(3)(A) (ii) permits a party to obtain discovery of work product only on a showing of "substantial need" for the documents and an inability to obtain equivalent information from other sources. Even when a court orders disclosure of work product, it must insure that "mental impressions, conclusion, opinions, or legal theories of a party's attorney or other representative concerning the litigation" are not disclosed. (Fed.R.Civ.P. 26(b)(3)(B).) The party claiming work-product protection bears the burden of establishing that it applies. (Heath v. F/V Zolotoi, 221 F.R.D. 545, 549 (W.D.Wash.2004) (Zilly, J.); see also Hernandez v. Tanninen, 604 F.3d 1095, 1102 (9th Cir.2010).)

Defendant states that the photo log was, "made at the direction of an attorney in preparation for trial." (Defendant's Brief, at 4.) The Court therefore agrees with Defendant that the photo log is work product. Further, the Plaintiff fails to argue, and the Court does not find, that a "substantial need" for the documents has arisen. Therefore, Plaintiff's request to compel Request For Production of Documents No. 10 and 13 is denied.

**2. Request No. 12**

Request No. 12 asks for documents referring to earnings records for five employees, from 1974 to present. (Plaintiff's Brief, Exhibit 8, at 9.) Defendant objected on the grounds that such production violates the privacy rights of the employees, is irrelevant, and is grossly overbroad in time and scope. (Id.)

The Court agrees with Defendant that the salaries of employees other than the Plaintiff are irrelevant. Generally, lost wage calculations are completed not by other employee's earnings over the last thirty years, but by considering, *inter alia*, the injured party's current salary, life expectancy, potential *future* years as an employee, and expert opinion. (See, e.g., Jones & Laughlin Steel Corp. v. Pfeifer,

462 U.S. 523; Baltodano v. Wal-Mart Stores, Inc., 2011 WL 3859724 (2011).)

**3. Request No. 18**

Request No. 18 seeks documents which would be identified in Plaintiff's third interrogatory. The Court has ruled against compelling the Defendant to answer that interrogatory, and therefore the issue in Request No. 18 is moot.

### III. CONCLUSION

Based on the foregoing, the Court orders:

1. As to Plaintiff's special interrogatories one, two, three, and four, Plaintiff's request to compel is denied.

2. As to Plaintiff's request for production of documents numbers ten, twelve, thirteen, and eighteen, Plaintiff's request to compel is denied.

**IT IS SO ORDERED.**

DATED: January 29, 2014

Peter C. Lewis
United States Magistrate Judge

cc: The Honorable Gonzalo P. Curiel
All Parties and Counsel of Record

13-cv-00579-GPC-(PCL)

9