IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DELBERT FOLZ,**<br><br>                              Plaintiff,<br><br>     v.<br><br>**UNION PACIFIC RAILROAD COMPANY,**<br><br>                              Defendant. | Case No. 13-CV-00579-GPC-(PCL)<br><br>**ORDER ON DEFENDANT'S MOTION TO COMPEL DEPOSITION OF JEFF WOOD AND REQUEST FOR SANCTIONS** |

## I. INTRODUCTION

Defendant filed a Motion to Compel Deposition Testimony of Jeff Wood and Request for Sanctions on May 9, 2014. (Doc. 38.) Defendant seeks to compel Mr. Wood to answer two questions, asked at his deposition on March 3, 2014, upon which Plaintiff has laid several objections including: violations of the work-product doctrine; relevance; inadmissible character evidence; and attorney-client privilege. (Doc. 51.) After Plaintiff's Response (Doc. 51) and Defendant's Reply (Doc. 54), the Court now **GRANTS** the motion to compel.

## II. FACTUAL BACKGROUND

Underlying this motion is a simple set of uncontested facts.

Mr. Wood was hired by Plaintiff to investigate the accident in which Plaintiff was injured and precipitated Plaintiff's Complaint (Doc. 1), by interviewing a witness: Mr. Abraham Atondo. (Doc. 38-1, at 2; Doc. 51, at 1.) After interviewing

Mr. Atondo, Mr. Wood prepared a written statement which Mr. Atondo refused to sign. (Doc. 38, at 2; Doc. 51, at 2.) Mr. Wood destroyed the handwritten notes he took while interviewing Mr. Atondo. (Id.)

Next, "With Mr. Atondo's refutation of the statement drafted by Mr. Wood... [Defendant] sought discovery regarding Mr. Wood's credibility as a witness." (Doc. 38-1, at 3.) In other words, Defendants deposed Mr. Wood. (See Deposition of Jeff Wood, Vol. 1. Doc. 38-3; Defendant's Exhibit "A".) At Mr. Wood's deposition, Plaintiff's counsel advised Mr. Wood not to answer two separate questions on a relevance, work-product doctrine, and attorney-client privilege grounds. (Doc. 38-3, at 16.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides, in general, that:

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). Further, the definition of relevancy, for purpose of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). The rule governing scope of discovery is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial. Fed.R.Civ.P. 26(b)(1), 28 U.S.C.A.

If a party fails to make a disclosure required by Federal Rule of Civil Procedure 26(a), "any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the

disclosure in an effort to secure the disclosure without court action." Fed.R.Civ.P. 37(a)(2)(A).

Rule 30 provides that counsel may make objections to deposition questions and "may instruct a deponent not to answer [a question] only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed.R.Civ.P. 30(d)(1). Thus, attorneys representing a deponent or party may, of course, object to questions asked a witness, provided the objections are not disruptive of the proceedings. Id. Indeed, a party waives certain objections, such as to the form of questions or answers or to other errors that might be obviated, removed, or cured if promptly presented, by failing to make the objection at the deposition. Fed.R.Civ.P. 32(d)(3)(B). However, "[u]nder the plain language of Fed.R.Civ.P. 30(d)(1), counsel may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to suspend a deposition in order to present a motion [for a protective order]." Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir.1995); Redwood v. Dobson, 476 F.3d 462, 467-69 (7th Cir.2007). Thus, A deponent may object on the basis of relevance, but may not refuse to answer the questions based on that objection. Detoy v. City and County of San Francisco, 196 F.R.D. 362, 366 (N.D.Cal.2000); see also Holloway v. Cohen, C-00-20644 JW PVT, 2007 WL 1725452 (N.D. Cal. June 14, 2007) objections overruled, C 00-20644 JW PVT PR, 2007 WL 2221021 (N.D. Cal. July 31, 2007).

## IV. DISCUSSION

### A. Deponent Must Answer Despite A Relevance Objection

The first question Plaintiff's counsel advised Mr. Wood not to answer was: "I understand there's an investigation sometime ago regarding the Railroad Retirement Board?" (Doc. 38-3, at 3.) Plaintiff's counsel objected on relevance grounds. (Id.)

Defendant argues that where a party objects on the basis of irrelevancy,

1  "such an objection does not warrant a refusal to answer questions." (Doc. 38-1, at
2  6; quoting Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO v.
3  Westinghouse Elec. Corp., 91 F.R.D. 277, 279 (D.D.C. 1981), citing Drew v.
4  Sulphite & Paper Mill Workers, 37 F.R.D. 446, 449-50 (D.D.C. 1965).) Defendant
5  does not provide precedent from the Ninth Circuit. (See Doc. 38.)

6      In its Opposition, Plaintiff argues that Mr. Wood has privacy interests,
7  protected by the US and California Constitutions, which override the discovery
8  interests in this case. (Doc. 51, at 4.) However, Plaintiff does not make any
9  argument or showing to support this contention.

10     Additionally, Plaintiff argues that Federal Rule of Evidence 608(b)(1)
11 prevents asking Mr. Wood about his prior investigation because it is extrinsic
12 evidence to prove untruthfulness. (Id., at 5.)

13     Lastly, Plaintiff argues that the prior investigation of Mr. Wood is irrelevant,
14 and he should not have to answer the question, at deposition, pursuant to Federal
15 Rule of Evidence 403. (Id.)

16     Plaintiff does not provide any precedent for his arguments. (See Id., at 4-5.)
17 Clearly established federal law provides that a deponent may not refuse to answer a
18 question based only a relevance objection. Fed.R.Civ.P. 30(d)(1); Detoy, 196
19 F.R.D. 362, *supra*. Plaintiff did not assert that refusing to answer was to preserve a
20 privilege, to enforce a limitation directed by the court, or to suspend Mr. Wood's
21 deposition in order to present a motion for a protective order. See Resolution Trust
22 Corp 73 F.3d 262, *supra*.

23     Further, Rule 608(b)(1) cannot be used as a basis to refuse to answer a
24 question at a deposition. Rather, Rule 608(b) limits *admissibility* at trial, not
25 discoverability. Fed.R.Civ.P. 608(b)(1); see also Fed.R.Civ.P. 26(b)(1).

26     Based on the foregoing, Plaintiff has no legal basis for refusing to answer
27 this question at deposition. Motion to compel as to this question is **GRANTED**.
28

**B. Mr. Wood's Custom and Practice Interviewing Witnesses**

Plaintiff's counsel also advised Mr. Wood not to answer the following question subject to this motion to compel:

> "...As a person who is hired by a plaintiff's attorney contacting potential witnesses, is one of the areas of inquiry, pursuant to your custom and practice, to find out whether or not this witness did something for which caused the accident?"

(Doc. 38-3, at 16.) Plaintiff's counsel objected to this question as follows:

> Well, to the extent it's not related to this case, to this particular interview, then I don't think it's relevant. And I think to the extent that you are asking for his custom and practice as relayed by what a principal may be asking him to do, I think that is work product, perhaps attorney-client privilege. And I'm going to instruct him not to answer.

(Id., at 16.) Defendant rephrased the question to:

> Is it your custom and practice to try to find out from the witness whether or not they had an act or omission for which caused the accident?

(Id., at 17.) Plaintiff's counsel then elaborated on its objection:

> You are asking for substance. And your substance asks for attorney-client and attorney work-product privileged communications, because its going to the work product, the mental impressions of the attorney. To the extent that he instructs an investigator or consultant to ask those types of questions, you are getting into attorney-client/attorney work-product and, Jason [Schaff], I'm going to instruct him not to answer. If you want to ask [Mr. Wood]... the mechanics of what [Mr. Wood] is asking and how he handles it, I have no problem with that.

(Id., at 17-18.)

As discussed above, a mere relevance objection is insufficient to allow a deponent to refuse to answer a question. Fed.R.Civ.P. 30(d)(1). However, both the work-product doctrine and attorney-client privilege may serve to shield a deponent from answering, if a privilege would be vitiated by answering. (Id.) As discussed below, neither applies here.

**1. Work-Product Doctrine**

The work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. Fed.R.Civ.P. 26(b)(3); 28 U.S.C.A. The party asserting work-product doctrine bears the burden of establishing that the work-product privilege applies to

bar discovery. Fed.R. Civ.P.Rule 26(b)(3, 5); <u>United States v. Munoz</u>, 233 F.3d 1117, 1128 (9th Cir.2000); <u>United States v. ChevronTexaco Corp.</u>, 241 F. Supp. 2d 1065 (N.D. Cal. 2002); <u>see</u> <u>also</u> <u>Barclaysamerican Corp. v. Kane</u>, 746 F.2d 653, 656 (10th Cir.1984). Mere invocation of the work-product doctrine's protection does not satisfy the burden of establishing its applicability. <u>Peat, Marwick, Mitchell & Co. v. West</u>, 748 F.2d 540, 542 (10th Cir.1984), cert. dismissed, 469 U.S. 1199, 105 S.Ct. 983 (1985). Rather, some showing or explanation of the work-product doctrine's applicability is necessary to bar discovery. <u>See</u> <u>ChevronTexaco</u> 241 F.Supp. 2d 1065, *supra*; <u>see also</u> <u>Barclaysamerican Corp.</u>, 746 F.2d 653, *supra*.

The work product doctrine protects documents created by an attorney and may protect documents created by an agent or client of an attorney as well. <u>In re Grand Jury Subpoena (Torf)</u>, 357 F.3d at 907 (documents created by investigator at direction of counsel are protected work product); <u>see</u> <u>also</u> <u>McEwen v. Digitran Systems, Inc.</u>, 155 F.R.D. 678, 683 (D.Utah.1994) ("The work product doctrine protects 'material prepared by agents for the attorneys as well as those prepared by the attorney for himself.' "); (quoting <u>United States v. Nobles</u>, 422 U.S. 225, 238–39, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)); <u>Gucci Am., Inc. v. Guess, Inc.</u>, 271 F.R.D. 58, 74 (S.D.N.Y.2010) (the work product doctrine has been "extended ... to work product produced by a client at the direction of counsel in anticipation of litigation").

The work-product doctrine's protection applies only to "documents and tangible things." Fed.R.Civ.P. 26(b)(3). A party asserting work product privilege must show that the materials withheld are: (1) documents and tangible things; (2) prepared in anticipation of litigation; and (3) the materials were prepared by or for the party or attorney asserting the privilege. <u>Garcia v. City of El Centro</u>, 214 F.R.D. 587, 591 (S.D.Cal.2003). "Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it

does not protect facts concerning the creation of work product or facts contained within the work product." Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir.1995).

Plaintiff's Opposition does not explain how the work-product doctrine would apply to this question, nor does Plaintiff provide any federal precedent for his argument. (Doc. 51, at 5-6.) Instead, Plaintiff cites a California Superior Court case for the proposition that "witness *statements* obtained through attorney-directed interviews may reveal the attorney's thought processes because they reflect the questions asked." (emphasis added) (Id., at 5, citing Coito v. Superior Court, 54 Cal.4th 480, 496.) This argument does not address the issue presented by Defendant's question, of course, because Defendants did not ask for "witness statements obtained through attorney-directed interviews." (Doc. 38-3, at 16-18.)

Defendants have not broached the concerns of the Coito court, or Rule 26. Rather, Defendants have couched their question to specifically address the "custom and practice" of Mr. Wood (Id., at 17; Doc. 38-1, at 8); to wit, "facts concerning the creation of work product." Resolution Trust Corp. *supra*, 73 F.3d at 266. Mr. Wood's personal and undirected approach to questioning witnesses, independent from this case and investigation, is unprotected by the work-product doctrine. Id. Further, his custom and practice is not a document or tangible thing. Fed.R.Civ.P. 26(b)(3); see also Garcia, 214 F.R.D. 587.

**2. Attorney-Client Privilege**

A party claiming the attorney-client privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted. United States v. Osborn, 561 F.2d 1334, 1339 (9th Cir.1977). Blanket assertions are "extremely disfavored." Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir.1992). Further, the communication must be between the client and lawyer for the purpose of obtaining legal advice. U.S. v. Plache, 913 F.2d 1375, 1379 n. 1.

      Plaintiffs do not address their claim of attorney-client privilege whatsoever in their Opposition. (See Doc. 51.) In addition, Defendant's question to Mr. Wood, "[I]s it your custom and practice to try to find out from the witness whether or not they had an act or omission for which caused the accident?" does not address any communications between an attorney and his or her client. As discussed above, it is concerned Mr. Wood's custom and practice as an investigator, and the potential creation of investigative materials. There is no communication between Plaintiff's counsel and a client at issue. Therefore, the question clearly does not fall within the ambit of the attorney-client privilege. See Plache, 913 F.2d 1375.

## V. SANCTIONS

      Defendant's request for sanctions in the amount of $2,250 is denied.

## VI. CONCLUSION

      Based on the foregoing, the Court **GRANTS** Defendant's Motion to Compel in whole.

**IT IS SO ORDERED.**

DATED: June 23, 2014

                                          Peter C. Lewis
                                          United States Magistrate Judge

cc:    The Honorable Gonzalo P. Curiel
       All Parties and Counsel of Record