IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DELBERT FOLZ,** <br><br> Plaintiff, <br><br> v. <br><br> **UNION PACIFIC RAILROAD COMPANY,** <br><br> Defendant. | Case No. 13-cv-579-GPC-(PCL) <br><br> **ORDER ON DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** <br><br> [Doc. 80] |

    This case arises from an injury sustained by Plaintiff. (See Doc. 47.) His physical condition is central to the litigation. Any medical records created as a result of this injury, during his recovery, or otherwise, are relevant because they tend to establish his physical condition. Because the requested documents are relevant to this action, they must be produced unless they are privileged. See Fed. R. Civ. P. 26(b)(1).

    Plaintiff has waived the patient-physician privilege, at least according to state law, by placing his medical records at issue in this case. See In re Lifschutz, 2 Cal.3d 415, 433–34, 85 Cal.Rptr. 829, 467 P.2d 557 (1970) (under California law, the patient-physician privilege is waived where the patient's specific medical condition is placed into issue by the patient). Under federal law, the privilege may be waived when the patient files a lawsuit that places the content of the privileged communications in issue. See Sarko v. Penn–Del Directory Co., 170 F.R.D. 127, 130 (E.D. Pa. 1997); Vann v. Lone Star Steakhouse & Saloon, Inc., 967 F. Supp. 346,

1  349–50 (C.D. Ill.1997); cf. Home Indem. Corp. v. Lane Powell Moss and Miller, 43 F.3d 1322,
2  1326 (9th Cir. 1995) (applying waiver to the attorney-client privilege). Further, Plaintiff has
3  waived the patient-physician privilege by filing a non-opposition to the present motion, with a
4  signed waiver and release form submitted to the Department of Veterans Affairs, which complies
5  fully with the requirements presented in the Health Insurance Portability and Accountability Act
6  ("HIPAA"). (See Doc. 86-1; 45 C.F.R. § 164.508.)

7  Lastly, both the Plaintiff and the Department of Veterans Affairs have been given a full
8  three weeks to file an opposition to the present motion and have failed to do so. Plaintiff, as
9  stated above, as filed a non-opposition. (Doc. 86.) In the event that the Department of Veterans
10 Affairs regards Plaintiff's non-opposition as failing to qualify as a "written authorization" under
11 45 C.F.R. 164.508, the failure of any party to file an opposition satisfies HIPAA's requirement
12 that the covered entity be assured that the subpoenaing party has made "reasonable efforts" to
13 obtain a release. See 45 C.F.R. § 164.512(e)(1).

14 It is clear that Plaintiff has waived any privilege preventing the disclosure of his medical
15 records by the Department of Veterans Affairs. Further, all HIPAA requirements for disclosure
16 have been complied with. Therefore, based on the foregoing, the Court **GRANTS** Defendant's
17 Motion to Compel Compliance with Subpoena. The Department of Veterans Affairs is
18 **HEREBY ORDERED** to produce all records responsive to the subpoena by **August 12, 2015.**

19 Defendant's request for sanctions is **DENIED**.

20 **IT IS SO ORDERED.**

21 DATED: July 22, 2015

22 Peter C. Lewis
   United States Magistrate Judge

23 cc:   The Honorable Gonzalo P. Curiel
       All Parties and Counsel of Record